# UNITED STATES DISTRICT COURT
for the
District of Connecticut

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )     Case No. 3:19mj 757 HBF
UNITED STATES MAIL, EXPRESS MAIL PARCELS )
)
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

SEE ATTACHMENT A

located in the _____ District of ___Connecticut___, there is now concealed *(identify the person or describe the property to be seized)*:

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC Sec. 841(a)(1) | Possession with Intent to Distribute Narcotics |

The application is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Joseph Bunaskavich, US Postal Inspector
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 01/30/2013

/s/Judge Holly B Fitzsimmons
*Judge's signature*

City and state: Bridgeport, CT

Hon. Holly B. Fitzsimmons
*Printed name and title*

FILED 2019 JUN 19 A 9 16 US DISTRICT COURT BRIDGEPORT CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE OF CONNECTICUT | : |
| | : |
| | : ss. Bridgeport, CT |
| | : |
| COUNTY OF FAIRFIELD | : January 30, 2013 |

**AFFIDAVIT IN SUPPORT OF APPLICATION
FOR SEARCH WARRANTS**

I, Joseph Bunaskavich, being duly sworn, depose and state as follows:

## I. INTRODUCTION

1. I am a United States Postal Inspector and have been so employed since July 2007. I am currently assigned to the Fraud and Prohibited Mail Team. During the course of my career, I have participated in numerous criminal investigations, including investigations into suspected narcotics trafficking, including investigations in which controlled substances are transported in the United States Mail. Based on my training and experience I know that individuals shipping controlled substances via the United States Mail often utilize Express Mail and Priority Mail. Such persons also use fictitious names and/or return addresses in an effort to avoid detection by law enforcement.

2. I am a law enforcement officer of the United States within the meaning of Title 18 U.S.C. § 3061, and am empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 21 U.S.C. § 841(a)(1), and other federal offenses.

3. The information contained in this affidavit is based on my personal participation in the investigation, as well as information provided by other law

enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a search warrant, I have not included each and every fact known to me regarding this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause.

## II.     DESCRIPTION OF THE SUBJECT PARCELS

4.      Based on the information contained in this affidavit, there is probable cause to believe, and I do believe, that contained within the below described packages there may presently be found contraband and/or evidence of the commission of the offense of Possession with Intent to Distribute and Distribution of Narcotics, in violation of Title 21, United States Code, Section 841(a)(1)

a)     Subject Parcel One: U.S. Mail, Express Mail parcel EI 576386906 US addressed to "Tim Ralston" at 71 Carlson Ave., Bridgeport, CT 06606, and bearing a return address of "Renee Johnston" at 877 Tahoe Island Dr., South Lake Tahoe, CA 96150. The parcel measures approximately 14" x 14" x 14", weighs 7 pounds, 9 ounces and bears $68.05 in postage;

b)     Subject Parcel Two: U.S. Mail, Express Mail parcel EI 751786404 US addressed to "Keisha Wallace" at 646 Central Ave. Bridgeport, CT 06605, and bearing a return address of "Mike Wallace" at 11640 N. 51 Ave., Apt. 060 Glendale, AZ 85304 The parcel measures approximately 12" x 10" x 8", weighs 5 pounds 4.9 ounces and bears $57.60 in postage.

c)     Subject Parcel Three: U.S. Mail, Express Mail parcel EI 751786418 US addressed to "Vivian Brown" at 218 Iranistan Bridgeport, CT 06604, and bearing a return of address of "Patrick Myres" 11039 N. 87th Ave., #1044, Peoria AZ 85345. The parcel

measures approximately 12" x 10" x 8", weighs 5 pounds, .5 ounces and bears $57.60 in postage.

    d)    Subject Parcel Four: U.S. Mail, Express Mail parcel EI 086852569 US addressed to "Ryan Sambrasa" at 225 Golden Hill St. Apt 6G. Bridgeport, CT 06604, and bearing a return of address of "Steve Cuevas" 329 San Anseimo Ave., San Anseimo, CA 94960. The parcel measures approximately 18" x 18" x 18", weighs 14 pounds, 11 ounces and bears $104.40 in postage.

    e)    Subject Parcel Five: U.S. Mail, Express Mail parcel EM 642697164 US addressed to "Jessica Owen" at 50 Berkeley PL. Bridgeport CT 06610, and bearing a return of address of "William Jones" 2310 Manzanita Way Antioch, CA 94509. The parcel measures approximately 12" x 12" x 6", weighs 8 pounds, .4 ounces and bears $79.30 in postage.

    f)    Subject Parcel Six: U.S. Mail, Express Mail parcel EI 441373833 US addressed to "Charles Pulone" at 227 Quarry St Bridgeport, CT 06606, and bearing a return of address of "Chris Bai" 124 Walnut St., Bridgeport, CT 06604. The parcel measures approximately 15.5" x 12.5" x 3", weighs 4 pounds, .3.6 ounces and bears $55.00 in postage.

    g)    Subject Parcel Seven: U.S. Mail, Express Mail parcel EI 576386985 US addressed to "Alex Harris" at 501 Lake Avenue Bridgeport, CT 06606, and bearing a return of address of "Blake Boyer" 761 Patricia Lane, South Lake Tahoe, CA 96150. The parcel measures approximately 12" x 6.5" x 6.5", weighs 2 pounds, .10 ounces and bears $45.15 in postage.

### III. INVESTIGATION

#### A. Subject Parcel One

5. On or about January 28, 2013, U.S. Mail, Express Mail parcel EI 576386906 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel One**). **Subject Parcel One** is addressed to "Tim Ralston" at 41 Carlson Ave., Bridgeport, CT 06606, and bearing a return address of "Renee Johnston" at 877 Tahoe Island Dr. South Lake Tahoe, CA 96150.

6. A review of database records indicates that 41 Carlson Ave, Bridgeport, CT 06606, is an actual address, but that Tim Ralston does not live or receive mail there. Similarly, while the return address of 877 Tahoe Island Dr., South Lake Tahoe CA 96150 is an actual address, no one named Renee Johnston either resides at or receives mail at that address.

7. On January 28, 2013, **Subject Parcel One** was examined by a trained narcotics detection dog. **Subject Parcel One** was individually placed among five other similarly sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel One**. The handler was not informed that this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel One**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel One**.

#### B. Subject Parcel Two

8. On or about January 28, 2013, U.S. Mail, Express Mail parcel EI 751786404 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel Two**). **Subject Parcel Two** is addressed to "Keisha Wallace" at 646

Central Ave., Bridgeport CT 06605. It bears a return address of "Mike Wallace" 11640 N. 51 Ave. Apt.060 Glendale, AZ 85304.

9. A review of database records indicates that 646 Central Ave, Bridgeport, CT 06605 is an actual address, but that Keisha Wallace does not live or receive mail there. The return address of 11640 N. 51 Ave. Apt. 060 Glendale, AZ 85304, is not an actual address. Thus, no person named Mike Wallace, resides at or receives mail at that address.

10. On January 28, 2013, **Subject Parcel Two** was examined by a trained narcotics detection dog. **Subject Parcel Two** was individually placed among five other similarly sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel Two**. The handler was not informed that this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel Two**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel Two**.

    **C.**    **Subject Parcel Three**

11. On or about January 28, 2013, U.S. Mail, Express Mail parcel EI 751786418 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel Three**). **Subject Parcel Three** is addressed to "Vivian Brown" at 218 Iranistan, Bridgeport, CT 06604 and bears a return address of "Patrick Myres" at 11039 N. 87th Ave., #1044 Peoria, AZ 85345

12. A review of database records indicates that 218 Iranistan Bridgeport, CT 06604 is an actual address, and that no one named Vivian Brown resides at that address or receives mail there. The return address of "Patrick Myres" at 11039 N. 87th Ave.,

#1044, Peoria AZ 85345 is also an actual address. However, no one named Patrick Myres either resides at or receives mail at that address.

13. On January 28, 2012, the above described **Subject Parcel Three** was examined by a trained narcotics detection dog. **Subject Parcel Three** was individually placed among five other similar sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel Three**. The handler was not informed this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel Three**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel Three**.

**D    Subject Parcel Four**

14. On or about January 29, 2013, U.S. Mail, Express Mail parcel EI 086852569 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel Four**). **Subject Parcel Four** is addressed to "Ryan Sambrasa" at 225 Golden Hill St Apt., 6G Bridgeport, CT. 06604 and bears a return address of "Steve Cuevas" at 329 San Anseimo Ave., San Anseimo, CA 94960.

15. A review of database records indicates that 225 Golden Hill St., Apt. 6G Bridgeport, CT 06604 is an actual address, and that no one named Ryan Sambrasa lives at that address or receives mail there. The return address of "Steve Cuevas" at 329 San Anseimo Ave., San Anseimo, CA 94960 is also an actual address. However, no one named Steve Cuevas either resides at or receives mail at that address.

16. On January 29, 2012, the above described **Subject Parcel Four** was examined by a trained narcotics detection dog. **Subject Parcel Four** was individually

placed among five other similar sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel Four**. The handler was not informed this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel Four**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel Four**.

### E     Subject Parcel Five

17.     On or about January 29, 2013, U.S. Mail, Express Mail parcel EM 642697164 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel Five**). **Subject Parcel Five** is addressed to "Jessica Owen" at 50 Berkeley Pl. Bridgeport, CT 06610 and bears a return address of "William Jones" at 2130 Manzanita Way Antioch, CA 94509

18.     A review of database records indicates that 50 Berkeley Pl. Bridgeport, CT 06610 is an actual address and that Jessica Owen resides at that address and receives mail there. The return address of "William Jones" at 2130 Manzanita Way., Antioch, CA 94509 is also an actual address. However, no one named William Jones either resides at or receives mail at that address.

19.     On January 29, 2012, the above described **Subject Parcel Five** was examined by a trained narcotics detection dog. **Subject Parcel Five** was individually placed among five other similar sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel Five**. The handler was not informed this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel Five**, were rearranged in different positions on the

floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel Five**.

    **F**    **Subject Parcel Six**

20.    On or about January 29, 2013, U.S. Mail, Express Mail parcel EI 441373833 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel Six**). **Subject Parcel Six** is addressed to "Charles Pulone" at 227 Quarry St., Bridgeport, CT 06606 and bears a return address of "Chris Bai" at 124 Walnut St., Bridgeport, CT 06604

21.    A review of database records indicates that 227 Quarry St., Bridgeport, CT 06606 is an actual address and that no one named Charles Pulone lives at that address or receives mail there. The return address of "Chris Bai" at 124 Walnut St. Bridgeport, CT 06604, is also an actual address. However, no one named Chris Bai either resides at or receives mail at that address.

22.    On January 29, 2012, the above described **Subject Parcel Six** was examined by a trained narcotics detection dog. **Subject Parcel Six** was individually placed among five other similar sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel Six**. The handler was not informed this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel Six**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel Six**.

### . G  Subject Parcel Seven

23. On or about January 29, 2013, U.S. Mail, Express Mail parcel EI 576386985 US was identified as a parcel possibly containing a controlled substance (**Subject Parcel Seven**). **Subject Parcel Seven** is addressed to "Alex Harris" at 501 Lake Ave., Bridgeport, CT 06606 and bears a return address of "Blake Boyer" at 761 Patricia Lane, South Lake Tahoe, CA 96150.

24. A review of database records indicates that 501 Lake Ave., Bridgeport, CT 06606 is an actual address and that no one named Alex Harris lives at that address or receives mail there. The return address of "Blake Boyer" at 761 Patricia Lane, South Lake Tahoe, CA 96150 is also an actual address. However, no person named Blake Boyer either resides at or receives mail at that address.

25. On January 29, 2012, the above described **Subject Parcel Seven** was examined by a trained narcotics detection dog. **Subject Parcel Seven** was individually placed among five other similar sized parcels prior to the handler and canine arriving. Upon examination of the parcels, the canine alerted to **Subject Parcel Seven**. The handler was not informed this was the suspect parcel and left the area with the canine. The parcels, including **Subject Parcel Seven**, were rearranged in different positions on the floor, and the handler and canine were again called into the room. The canine again alerted to **Subject Parcel Seven.**

26. The trained narcotics detention dog involved in the examinations of all three Subject Parcels is a two and one half year-old male, black Labrador named Sterling. Sterling is assigned to Trooper Matthew Funchion of the Connecticut State Police. Sterling was first certified in the Spring, of 2012 and is certified in the detection of

cocaine, crack cocaine, heroin, hashish, marijuana, MDMA, methamphetamine, and steroids. Sterling has had quarterly in-service training sessions since his graduation in 2012.

## IV.   CONCLUSION

27.   Based on the above, there is probable cause to believe, and I do believe, that located within Subject Parcels One, Two, Three, Four, Five, Six and Seven there are contraband, fruits and instrumentalities that constitute evidence of violations of Title 21, United States Code, Section 841(a)(1). All Seven Subject Parcels are presently in the custody of the U.S. Postal Inspection Service located at 50 Brewery St, New Haven, CT, 06511. Therefore, I respectfully request that search warrants be issued to search Subject Parcels One, Two, three, Four, Five, Six and Seven for evidence of illegal narcotics trafficking, and for any and all documentation or other materials containing evidence of the participants in, and methods and plans of conducting, the suspected narcotics trafficking.

JOSEPH BUNASKAVICH
UNITED STATES POSTAL INSPECTOR

Subscribed and sworn to before me this 30th day of January 2013.

/s/Judge Holly B Fitzsimmons
HONORABLE HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A - DESCRIPTION OF THE SUBJECT PARCEL

a) U.S. Mail, Express Mail parcel EI 576386906 US addressed to "Tim Ralston" at 71 Carlson Ave., Bridgeport, CT 06606, and bearing a return address of "Renee Johnston" at 877 Tahoe Island Dr., South Lake Tahoe, CA 96150. The parcel measures approximately 14" x 14" x 14", weighs 7 pounds, 9 ounces and bears $68.05 in postage;

b) U.S. Mail, Express Mail parcel EI 751786404 US addressed to "Keisha Wallace" at 646 Central Ave. Bridgeport, CT 06605, and bearing a return address of "Mike Wallace" at 11640 N. 51 Ave., Apt. 060 Glendale, AZ 85304  The parcel measures approximately 12" x 10" x 8", weighs 5 pounds 4.9 ounces and bears $57.60 in postage.

c) U.S. Mail, Express Mail parcel EI 751786418 US addressed to "Vivian Brown" at 218 Iranistan Bridgeport, CT 06604, and bearing a return of address of "Patrick Myres" 11039 N. 87th Ave., #1044, Peoria AZ 85345. The parcel measures approximately 12" x 10" x 8", weighs 5 pounds, .5 ounces and bears $57.60 in postage.

d) U.S. Mail, Express Mail parcel EI 086852569 US addressed to "Ryan Sambrasa" at 225 Golden Hill St. Apt 6G. Bridgeport, CT 06604, and bearing a return of address of "Steve Cuevas" 329 San Anseimo Ave., San Anseimo, CA 94960. The parcel measures approximately 18" x 18" x 18", weighs 14 pounds, 11 ounces and bears $104.40 in postage.

e) U.S. Mail, Express Mail parcel EM 642697164 US addressed to "Jessica Owen" at 50 Berkeley PL. Bridgeport CT 06610, and bearing a return of address of

"William Jones" 2310 Manzanita Way Antioch, CA 94509. The parcel measures approximately 12" x 12" x 6", weighs 8 pounds, .4 ounces and bears $79.30 in postage.

    f)    U.S. Mail, Express Mail parcel EI 441373833 US addressed to "Charles Pulone" at 227 Quarry St Bridgeport, CT 06606, and bearing a return of address of "Chris Bai" 124 Walnut St., Bridgeport, CT 06604. The parcel measures approximately 15.5" x 12.5" x 3", weighs 4 pounds, .3.6 ounces and bears $55.00 in postage.

    g)    U.S. Mail, Express Mail parcel EI 576386985 US addressed to "Alex Harris" at 501 Lake Avenue Bridgeport, CT 06606, and bearing a return of address of "Blake Boyer" 761 Patricia Lane, South Lake Tahoe, CA 96150. The parcel measures approximately 12" x 6.5" x 6.5", weighs 2 pounds, .10 ounces and bears $45.15 in postage.

## ATTACHMENT B - Items to be Seized

1. Controlled substances, held in violation of 21 U.S.C. § 841(a)(1);

2. Residue of controlled substances;

3. Paraphernalia for packaging, processing, diluting, weighing, and distributing controlled substances, for example: scales, funnels, sifters, grinders, glass panes, mirrors, razor blades, plastic bags, heat sealing devices, and dilutant such as mannitol, mannite, vitamin B-12, inositol, etc.;

4. Books, records, receipts, notes, ledgers, and other papers relating to the distribution of controlled substances, including computerized data, computer discs, computers, laptop computer and computer related equipment and information;

5. Personal books, papers and photographs reflecting identities, names, addresses, telephone numbers, and other contact or identification data relating to the distribution of controlled substances;

6. Cash, currency, and records relating to income and expenditures of money and wealth, to wit: money orders, wire transfers, cashier's checks, receipts, bank statements, passbooks, checkbooks, checkbook registers, safety deposit box rental agreements and safety deposit box keys, as well as precious metals and gems such as gold, silver, diamonds;

7. Items of personal property that tend to identify the person(s) in residence, occupancy, control, or ownership of the premises or vehicle that is the subject of this warrant, including but not limited to canceled mail, deeds, leases, rental agreements, photographs, personal telephone books, diaries, utility and telephone bills, statements, identification documents, and keys;

8. Documents indicating travel in interstate and foreign commerce, to include airline tickets, notes and travel itineraries, airline schedules, bills, charge card receipts, hotel, motel, and car rental statements, correspondence with travel agencies and other travel related businesses, airline rent-a-car, and hotel frequent flier or user cards and statements, passports and visas, immigration/naturalization papers, telephone bills, photographs of foreign locations, and papers relating to domestic and international travel;

9. All personal computers or other electronic devices capable of creating, storing information including any electronic storage media, hard drives, thumb drives, networking equipment, or other peripheral hardware that is compatible with such computers or devices; and any password or security device that can be used to control or obtain access to any item described in this paragraph.

10. Cellular telephones, electronic paging devices, speed dial telephones, electronic speed dialing devices, electronic personal organizers, telephone answering machines, and telephone answering machine tapes; and

11. With regard to any seized cellular telephones, the following stored information:

   a. the telephone number, ESN number, serial number, and SIM card number of said phone(s);

   b. the numbers, digits, stored messages (voice and/or text), letters, symbols, data, information, and images stored in the memory of said phone(s);

   c. descriptions of time, date, locations, items, or events showing or tending to show the commission of, or connecting or tending to connect a person to, illegal drug related crimes;

   d. any and all records, however created or stored, which tend to demonstrate ownership and use of the phone(s), and identification bearing the name or photograph of any person, telephone-books, address books, date books, calendars, personal papers, and photographs of persons contained in the phone(s); and

   e. any and all evidence showing or tending to show the identity of the maker or user of the data and information contained in the phone(s), such as passwords, sign-on codes, and program design.

12. Firearms, ammunition, holsters, and weapons and destructive devices.